IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FRANCISCO SANTANA, | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **EP-11-CV-281-PRM** |
| | § | |
| BERGELECTRIC CORP., | § | |
| **Defendant.** | § | |

## ORDER IMPOSING SANCTIONS

On this day, the Court considered Plaintiff Francisco Santana's (Plaintiff) "Motion for Leave of Court to File Plaintiff's Response to Defendant's Notice of Removal and Plaintiff's Motion to Remand, and Alternative Motion to Enter *Sua Sponte* Order" (ECF No. 13)[1] [hereinafter Motion for Leave], filed on August 24, 2011; Defendant Bergelectric Corp.'s (Defendant) "Opposition to Plaintiff's Motion for Leave" (ECF No. 14) [hereinafter Opposition], filed on August 25, 2011; the arguments adduced by the parties at the status conference (ECF No. 17) on August 31, 2011; Defendant's "Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11(c)(2)" (ECF No. 20) [hereinafter Motion for Sanctions], filed on September 2, 2011; and Plaintiff's "Response to Defendant's Motion for Sanctions and Costs and Motion to Reconsider Defendant's Notice of Submission of Fees and Costs Associated with the Status Conference of August 31, 2011" (ECF No. 22) [hereinafter Response to Motion for Sanctions], filed on September 9, 2011 in the above-captioned cause. After due consideration, the Court is of the opinion that sanctions should be imposed on counsel for Plaintiff for the reasons that follow.

---

[1] When referencing the record, the Court follows the suggested citation format found in THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION (Columbia Law Review Ass'n et al. eds., 19th ed. 2010).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 2011, Plaintiff filed suit in the County Court at Law Number 6, El Paso

County, Texas, alleging "unlawful discrimination and retaliation . . . in violation of the Tex[as]

Labor Code, Section 21.001, *et seq*." Notice of Removal A-1, July 6, 2011, ECF No. 1.  Defendant

filed its "Original Answer" on or about June 3, 2011.  *Id.* at A-2.  Plaintiff subsequently filed his

"First Amended Petition, Request for Disclosure, and Jury Demand" (First Amended Petition) on

June 9, 2011.  *Id.* at A-7.  Defendant then removed the case on July 6, 2011.  *Id.* at 1.

On August 9, 2011, Plaintiff filed his "Response to Defendant's Notice of Removal and

Plaintiff's Motion to Remand, and Alternative Motion to Enter *Sua Sponte* Order" (ECF No. 7)

[hereinafter Motion to Remand], arguing that Defendant's removal was untimely and that it had not

met its burden of establishing the amount in controversy.  Mot. to Remand 5-9.  On August 15,

2011, Defendant responded with its "Opposition to Plaintiff's Motion to Remand" (ECF No. 10),

asserting that Plaintiff's own Motion to Remand was untimely because he filed it beyond the thirty-

day deadline.  Opposition to Pl.'s Mot. to Remand 3-4.  In response to this argument, Plaintiff then

filed his "Motion for Leave of Court to File Plaintiff's Response to Defendant's Notice of Removal

and Plaintiff's Motion to Remand, and Alternative Motion to Enter *Sua Sponte* Order" (ECF No.

11) [hereinafter Initial Motion for Leave], filed on August 24, 2011, asking the Court for permission

to file its Motion to Remand late.  Therein, Plaintiff represented to the Court, in a certificate of

conference in its Initial Motion for Leave, that he "conferred with counsel for Defendant, who

informed [Plaintiff] that he is in agreement with [the] motion."  Initial Mot. for Leave 2.  However,

Defendant was in fact opposed to the Initial Motion for Leave and Plaintiff misrepresented this fact

to the Court.

The Clerk of the Court subsequently issued a deficiency notice to Plaintiff (ECF No. 12) and Plaintiff filed his corrected Motion for Leave on August 24, 2011. The corrected Motion for Leave also contained the same certificate of conference that also stated that Defendant was in agreement with the Motion for Leave. Mot. for Leave 2. The next day, on August 25, 2011, Defendant filed its Opposition and contested Plaintiff's characterization. Defendant stated that "[n]one of the attorneys for Defendant . . . ha[d] spoken to Plaintiff's counsel regarding [the] Motion for Leave [and that] Defendant [did] not waive the arguments presented in its Opposition." Opposition 1.

On August 31, 2011, the Court held a hearing on this matter wherein counsel for the Plaintiff, Erin L. Martinez, stated that she drafted both versions of the Motion for Leave even though attorney Raymond D. Martinez signed the motion. She also acknowledged that the certificate of conference was indeed a misrepresentation and that Defendant was, in fact, not in agreement with the Motion for Leave.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) specifically states that:

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

FED. R. CIV. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.* 11(c).

If a motion for sanctions is made by a party, the Court "may award to the prevailing party the

reasonable expenses, including attorney's fees, incurred for the motion." *Id.* 11(c)(2). However, the aim of a sanction is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.* 11(c)(4); *Merriman v. Security Ins. Co.*, 100 F.3d 1187, 1194 (5th Cir. 1996). Finally, in its order imposing a sanction, the Court is required to "describe the sanctioned conduct and explain the basis for the sanction." *Id.* 11(c)(6).

## III.   ANALYSIS

In the instant case, Plaintiff filed two separate motions with the same misrepresentation. Both motions misrepresented to the Court that Defendant was in agreement with Plaintiff's Motion for Leave. In order to deter attorney Raymond D. Martinez, counsel for Plaintiff,[2] from submitting further misrepresentations, the Court is of the opinion that it is appropriate to impose sanctions by way of reimbursing Defendant for attorney's fees.

While Defendant filed its "Submission of Fees and Costs Associated with the Status Conference of August 31, 2011" (ECF No. 20), the total amount it requests is not reasonable. Counsel for Defendant requests a total of $4,029.49 for the time it expended on its two-page Motion for Sanctions and attendance at the Court's fifteen-minute hearing on August 31, 2011. However, the Court calculates the total *reasonable* expenses to be $1,466.83. Specifically, counsel for Defendant requests $732.60 for airfare, $20 for airport parking, and $144.98 for its car rental. Mot. for Sanctions Exs. A, C. The Court finds that these individual expenses are reasonable.

Yet, while counsel Defendant requests $231.91 for his lodging, $25.16 of this amount was

---

[2] Although attorney Erin L. Martinez asserted that she drafted the motion, "[t]he person signing, filing, submitting, or advocating a document has a nondelegable responsibility to the court, and in most situations is the person to be sanctioned for a violation." FED. R. CIV. P. 11 Adv. Comm. Notes. Therefore, the Court will impose sanctions on attorney Raymond D. Martinez, who signed the Initial Motion for Leave and the Motion for Leave.

expended on room service; therefore, the Court is of the opinion that $206.75 is a reasonable expense for counsel's lodging. Further, while counsel for Defendant requests reimbursement at $290.00 an hour for expending 8.2 hours preparing for the fifteen-minute hearing, both before *and after* the hearing, the Court is of the opinion that one hour's preparation is appropriate; therefore, a reasonable expense for preparation is $290.00. Finally, while counsel requests reimbursement for 1.8 hours, at $290.00 an hour, for the hearing itself, the actual duration of the hearing was approximately fifteen minutes. Therefore, the Court is of the opinion that reasonable expenses for counsel's time at the hearing is $72.50.

## IV.    CONCLUSION

Plaintiff submitted multiple motions to the Court, each of which contained misrepresentations that were certified, under signature of counsel, to be true. The Court is of the opinion that attorney Raymond D. Martinez's conduct ought to be sanctioned and finds that reasonable attorney's fee are appropriate. The Court finds that this sanction is sufficient to deter future misconduct on behalf of attorney Raymond D. Martinez and similarly situated attorneys.

Accordingly, **IT IS ORDERED** that attorney Raymond D. Martinez, counsel for Plaintiff Francisco Santana, is **SANCTIONED** for his multiple misrepresentations to the Court.

**IT IS FURTHER ORDERED** that attorney Raymond D. Martinez, counsel for Plaintiff Francisco Santana, **REIMBURSE DEFENDANT BERGELECTRIC CORP. $1,466.83** for attorneys' fees **by no later than October 28, 2011.**

**IT IS FURTHER ORDERED** that attorney Raymond D. Martinez, counsel for Plaintiff Francisco Santana, prepare an acknowledgment, signed by counsel for both parties, that such payment has been satisfied.

**IT IS FURTHER ORDERED** that attorney Raymond D. Martinez, counsel for Plaintiff Francisco Santana, shall submit such acknowledgment to the Court **by no later than October 31, 2011**.

**SIGNED** this _20_ day of **September, 2011**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

6